**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Silverio ORTEGA–AMARO,**
**Defendant–Appellant.**

**No. 06–55875.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 23, 2008.

Rob B. Villeza, Esq., USLA—Office of the U.S. Attorney Criminal Division, Leon W. Weidman, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Silverio Ortega-Amaro, FCITA—Federal Correctional Institution, Taft, CA, pro se.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided

Silverio Ortega–Amaro, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The mandatory minimum sentence of 120 months was imposed after he pleaded guilty to conspiracy to distribute cocaine.

Petitioner contends that his trial counsel was ineffective because counsel did not properly argue that he was eligible for a safety valve sentence reduction under 18 U.S.C. § 3553(f). To be eligible for the reduction, a defendant must satisfy five requirements, including, number four, that he did not participate in the offense as an organizer, leader, manager, or supervisor in the criminal endeavor, and, number five, that he truthfully provide to the government all the information he has about the crime and his participation in it before sentencing. *See* 18 U.S.C. § 3553(f)(4), (5). The parties stipulated that Ortega satisfied the first four requirements, and the only matter remaining for argument at sentencing was whether he had satisfied the fifth requirement.

■ Ortega's counsel withdrew the request for the safety valve reduction because Ortega had not been fully forthcoming in describing his participation and knowledge of the crime in meetings with the government. *See United States v. Sherpa*, 110 F.3d 656, 660 (9th Cir.1996) (stating that subsection five is a "tell all you can tell" requirement that requires a defendant to describe his role in the offense). Ortega did not satisfy the fifth requirement for the safety valve. Instead, he described himself during the meetings and at sentencing as merely a courier, even though the overwhelming evidence demonstrated that his role in the conspiracy was more significant. As a result, petitioner cannot show that his attorney's failure to argue for the application of the

safety valve prejudiced his sentencing. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Petitioner also asserts that his attorney should have argued to the district court that he satisfied the fourth requirement for the safety valve and that such argument would somehow have persuaded the judge to grant the reduction. Petitioner points out, accurately, that the judge was sympathetic. Petitioner has not shown, either at sentencing or in these collateral proceedings, however, that he ever satisfied the fifth requirement. Argument on the fourth requirement could have made no material difference at sentencing.

Accordingly, the district court properly denied petitioner's motion.

**AFFIRMED.**